IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARK S. BURROW,
    Plaintiff,

vs.
                                               Case No: 3:07cv3/LAC/MD

V.D. FARLEY, et al.,
    Defendants.

---

**REPORT AND RECOMMENDATION**

This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon the defendants' motion to dismiss (doc. 34 & 39). Plaintiff filed a response (doc. 44) and the defendants filed a reply. (Doc. 57). Because the defendants and plaintiff both have submitted for the court's consideration matters outside of the pleadings initially submitted, the court will construe the motions as motions for summary judgment.

The plaintiff is a disabled veteran currently incarcerated at Okaloosa Correctional Institution. He receives regular deposits of Veteran's Disability Benefits checks into his inmate trust account. Plaintiff filed a civil rights complaint alleging that defendants Jennifer Haas, V.D. Farley and J.C. Green were deliberately indifferent to his constitutional rights when, on two occasions, they withdrew Veteran's Disability monies from his inmate account to pay litigation liens. Specifically, plaintiff alleges that on September 9, 2004 and on November 2, 2006, the defendants withdrew $53.00 from his trust account, and because the funds were derived from Veteran's Disability benefits, these withdrawals were in violation of 38

U.S.C. § 5301(a).  In his complaint, plaintiff claims violations of his Fifth and Fourteenth Amendment rights and seeks return of all money deducted from his trust account, a permanent injunction to stop any further such deductions, and court costs and attorney's fees.

Defendants state that in reviewing plaintiff's allegations, they discovered clerical errors that had occurred when processing two of plaintiff's Veteran's Disability checks, that apparently had not been discovered through plaintiff's pursuit of the grievance process.  (Doc. 14, exh.)   Defendants note that on September 10, 2004, plaintiff's check was deposited into his trust account, improperly coded as "government check" when it should have been coded Veteran's Benefits as other deposits had been.  (Doc. 34, exh. A).[1]  Defendants state that on July 20, 2007, after the clerical error was discovered, $53.00 was refunded to plaintiff's trust account. (*Id.*).

Another clerical error occurred on November 2, 2006, when plaintiff's disability check was improperly coded as "IRS Refund Check" when it should have been coded as "Veteran's Benefits."  This error was discovered on December 14, 2006, less than two weeks before plaintiff signed his initial complaint in this case, and $52.50 was refunded to his inmate trust account.  (*Id.*)   The same $52.50 was refunded to plaintiff's trust account on July 20, 2007, this time in error.  Because plaintiff had received two refunds for a single clerical error that occurred on November 2, 2006, on July 23, 2007 $52.50 was again deducted from his trust account.

Other than these two instances, plaintiff's Veteran's Disability Checks were properly coded.  Defendant maintains that once the errors were discovered, the money which is the subject of the plaintiff's complaint was reimbursed, and therefore plaintiff's claim is rendered moot.

---

[1]Defendant's exhibit A is an incomplete copy of plaintiff's trust account statement from September of 2004 through July of 2007.

*Case No: 3:07cv3/LAC/MD*

Plaintiff claims in his response that the defendants' exhibit shows that processing fees are also being illegally deducted from his Veteran's Benefits checks. While plaintiff is correct that there are thirteen notations of processing fee, eight of those are offsetting deductions and refunds. The processing fees set forth in exhibit A are as follows:[2]

| Date | Description |
|---|---|
| 11/02/06 | deduction of processing fee of $.50 |
| 11/17/06 | refund of processing fee of $.50 |
| 12/07/06 | deduction of processing fee for weekly draw of $.01 |
| 12/13/06 | deduction of processing fee of $.50 |
| 12/14/06 | refund of processing fee of $.50 |
| 12/26/06 | deduction of processing fee for weekly draw of $.01 |
| 01/06/07 | deduction of processing fee for weekly draw of $.52 |
| 07/09/07 | deduction of processing fee for weekly draw of $.43 |
| 07/16/07 | deduction of processing fee for weekly draw of $.10 |
| 07/20/07 | refund of processing fee of $.50[3] |
| 07/20/07 | deduction of processing fee of $.50 |
| 07/20/07 | refund of processing fee of $.50 |
| 07/23/07 | deduction of processing fee for weekly draw of $.03 |

**In sum then, $.60 in weekly draw processing fees was deducted and not re-credited to plaintiff's account according to defendants' exhibit A. Plaintiff also states in his response that he has spent much more than the amount of the two Veteran's Benefits checks in question trying to recover his money, and submits as attachments documents showing attempted filings in state court and various expenditures for stamps.**

---

[2] The dates may not be accurate as some of the entries are difficult to read.

[3] This was part of the $52.50 refunded in error.

*Case No: 3:07cv3/LAC/MD*

In defendants' reply, they state that "Plaintiff's claim that Defendants (sic) Appendix demonstrates that on 'five occasions money was deducted' is conclusory. Plaintiff fails to state a date, an amount or any other information necessary to support his new claim." (Doc. 57 at 3). The court's recitation of the processing fees reflected on defendants' exhibit A suggests that plaintiff refers to the five deductions for "weekly draw." In addition, the court notes the following additional processing fees reflected on the complete version of the plaintiff's inmate trust account statement submitted with the defendants' reply (doc. 57, exh. B):

| Date | Description |
|---|---|
| 08/08/05 | processing fee for weekly draw $1.00 |
| 11/14/05 | processing fee for weekly draw $1.00 |
| 01/10/06 | processing fee for weekly draw $1.00 |
| 05/08/06 | processing fee for weekly draw $1.00 |
| 04/12/06 | processing fee for weekly draw $1.00 |
| 10/09/06 | processing fee for weekly draw $1.00 |
| 02/24/07 | processing fee for weekly draw $.10 |
| 03/17/07 | processing fee for weekly draw $.04 |
| 03/36/07 | processing fee for weekly draw $.65 |
| 04/03/07 | processing fee for weekly draw $.11 |
| 04/09/07 | processing fee for weekly draw $.27 |
| 04/21/07 | processing fee for weekly draw $.26 |
| 04/23/07 | processing fee for weekly draw $.44 |
| 05/14/07 | processing fee for weekly draw $.52 |
| 08/13/07 | processing fee for weekly draw $.41 |

As noted, all of these other "processing fees" are for weekly draws. To the extent that these fees that are challenged by the plaintiff, defendants point to Rule 33-203.201 of the Florida Administrative Code which provides:

> Pursuant to Section 944.516, F.S., each inmate shall be charged an administrative processing fee of no more than $6.00 per month for banking services. The fee shall be based upon account activity for the

>month. An inmate whose account has no activity for the month shall not be assessed a fee for the month. Inmates shall be charged one percent of their total weekly canteen purchases and $.50 for each deposit. . . *These fees are waived for Veterans of the United States Armed Forces who have been honorably discharged.*

33-203.201(h) (emphasis added). Defendants note that plaintiff has not supplied them with a DD-214, Military Discharge paperwork that demonstrates that he was honorably discharged from the United States Armed Forces. Therefore, he is properly being charged the banking fee based on his canteen activity.[4] Defendants conclude that all errors have been corrected and plaintiff's claim is moot.

Typically, on a motion for summary judgment, this court must evaluate the record in the light most favorable to plaintiff as the nonmovant and grant defendants' motion only if the record demonstrates that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002); F.R.C.P. 56. Summary judgment is improper "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact." *Cornelius v. Highland Lake*, 880 F.2d 348, 351 (11th Cir. 1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990).

Defendants maintain that the error(s) complained of by plaintiff have been rectified, and the record reflects that plaintiff is not entitled to any additional reimbursement. However, the fact remains that the correction to the 2004 deduction was not made until <u>after</u> plaintiff filed the instant litigation and the defendants were required to respond.[5] Defendants essentially conceded error, and thus plaintiff, not defendants, is the prevailing party and is entitled to summary judgment. Regardless

---

[4]In addition, the court notes that there is no indication that these fees have been the subject of any of plaintiff's administrative grievances.

[5]As noted above, defendants attempted to re-correct the clerical error made in November of 2006.

*Case No: 3:07cv3/LAC/MD*

of the fact that there is no evidence that the errors were fueled by improper motivation or were anything other than clerical, the issue of plaintiff's damages remains. Plaintiff asserts that he has incurred costs in bringing this litigation. He should therefore be afforded the opportunity to submit a motion for costs, accompanied by an affidavit and appropriate supporting documentation setting forth his specific request, to which the defendants will have the opportunity to respond.

Accordingly, it is respectfully RECOMMENDED:

That defendants' motions to dismiss, construed as a motion for summary judgment (doc. 34 & 39) be DENIED.

That summary judgment be granted in favor of the plaintiff.

That plaintiff be directed to file a motion for costs with supporting documentation within thirty days of an order adopting this recommendation.

At Pensacola, Florida, this 5th day of November, 2007.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).